Lori E. Andrus (admitted *pro hac vice*)
Jennie L. Anderson
ANDRUS ANDERSON LLP
155 Montgomery Street, Suite 900
San Francisco, CA 94104

*Attorneys for Plaintiffs
and the Proposed Class*

*Additional Counsel Listed on Signature Page*

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN SMITH, on behalf of himself individually, and DOMINICK MASSARO, and TROY YATES on behalf of themselves and a class of those similarly situated,<br><br>    Plaintiffs,<br><br>      v.<br><br>SERVICEMASTER HOLDING CORP.; THE SERVICEMASTER COMPANY, INC.; THE TERMINIX INTERNATIONAL COMPANY, L.P.; and TERMINIX INTERNATIONAL, INC.,<br><br>                    Defendants. | Civil Action No.: 2:11-cv-02943-JPM-dkv<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT**<br><br>**COLLECTIVE ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff John Smith ("SMITH"), brings this action on his own behalf, and Plaintiffs Dominick Massaro ("MASSARO"), and Troy Yates ("Yates") (collectively, "PLAINTIFFS"), bring this action on behalf of themselves and all others similarly situated, and allege on information and belief the following claims and allegations against Defendants, ServiceMaster Holding Corporation, The ServiceMaster Company, Inc., the Terminix International Company, L.P., and Terminix International, Inc. (collectively "TERMINIX" or "DEFENDANTS"):

## INTRODUCTION

1.  This is a representative action against DEFENDANTS for violations of the Fair Labor Standards Act (hereafter "FLSA"), 29 U.S.C. §§ 207, 216(b) and for failure to provide bonafide meal periods pursuant to 29 C.F.R. § 785.19(a).

2.  PLAINTIFFS bring this action on behalf of themselves and all persons who were, are, or will be employed by DEFENDANTS within the job category of "Service Representative," with primary duties of inspecting homes and applying appropriate treatments for the eradication or control of pests and/or termites ("Service Representatives"), at any time within the three years prior to this action's filing date through the date of the final disposition of this action (the "Nationwide FLSA Period"), and who were, are, or will denied regular pay or overtime pay, or who were denied uninterrupted meal breaks.

3.  The term "Service Representative," as it is used by Terminix, includes (but may not be limited to) "Branch Pest Control Service Representative," "Branch Termite Control Service Representative," Branch Service Representative – Pest Control/Termite Control," "Pest Control Technician," "Termite Control Technician," "Pest Tech," "Termite Tech," "Service Technician" and "Route Technician."  While some Terminix employees may treat only for pests (or only for termites), others, like Plaintiff YATES, had job responsibilities that included inspecting and treating for both pests and termites.  In any event, all Service Representatives have primary duties of inspecting homes and applying appropriate treatments for the eradication or control of pests and/or termites.

4.  Although PLAINTIFFS regularly worked more than forty hours per week,

and often more than 60 hours per week, TERMINIX failed to pay or properly record overtime hours worked by Service Representatives. TERMINIX also failed to pay full wages when due, and reimburse necessary work-related expenses, as required by law.

5. Additionally, TERMINIX fails to keep accurate records of time worked in violation of 29 C.F.R. § 516.2.

6. Through this collective action, PLAINTIFFS seek compensation for all hours worked, liquidated damages, and other damages permitted by law; injunctive and declaratory relief, restitution and all other forms of equitable relief permitted by law, and reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because PLAINTIFFS allege violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

8. The Western District of Tennessee has personal jurisdiction over each Defendant because each Defendant has qualified with the Tennessee Secretary of State to do business and is doing business in Tennessee and maintains headquarters in this District.

9. Venue is proper in this district pursuant to 28 U.S.C. §§1391(b)(3) & (c) because this judicial district is one in which Defendants are found.

## THE PARTIES

### Plaintiff

10. Plaintiff SMITH, a legal resident of the United States over the age of 18, and a resident of Baton Rouge, Louisiana, worked as a Service Representative in TERMINIX's Baton Rouge, Louisiana branch from approximately June, 2008 to November, 2008. Plaintiff SMITH, an hourly employee, was not paid for all hours worked and was not paid for all overtime worked.

11. Plaintiff MASSARO, a legal resident of the United States over the age of

18, and a resident of Greenacres, Florida, worked as a Service Representative for TERMINIX from the time his former employer, ServicePro, was bought by TERMINIX, until August, 2010. For a portion of his employment by TERMINIX, Plaintiff MASSARO was paid on a base salary plus commission basis, however, was not properly classified as exempt because the pay structure was not a "bonafide commission plan" under federal law.  During one pay period, without explanation, Plaintiff MASSARO was paid overtime – an admission that TERMINIX should have been paying him overtime for the entirety of his employment.

12. Plaintiff YATES, a legal resident of the United States over the age of 18, and a resident of Chicago, Illinois, worked as a Service Representative for TERMINIX from approximately 2007 until August 2009.  For a portion of his employment by TERMINIX, plaintiff YATES was paid on a base salary plus commission basis, however, was not properly classified as exempt because the pay structure was not a "bonafide commission plan" under federal law.  During one pay period, without explanation, Plaintiff YATES was paid overtime – an admission that TERMINIX should have been paying him overtime for the entirety of his employment.

13. PLAINTIFFS hereby consent to sue for violations of the FLSA, pursuant to 29 U.S.C. §§ 207, 216(b) and 256.

## Defendants

14. Defendant ServiceMaster Holding Corporation is a Delaware corporation and holding company with its principal offices at 860 Ridge Lake Blvd., Memphis, Tennessee. On or about July 24, 2007, ServiceMaster Global Holdings, Inc., a privately held company, acquired and/or merged with Defendant ServiceMaster Company, a publicly traded corporation until the merger.  Defendant ServiceMaster Global Holdings, Inc. is the successor corporation and/or successor in interest of the ServiceMaster Company and its subsidiaries and business units, which include Defendants the TERMINIX International Company, L.P. and TERMINIX International, Inc., described below.  ServiceMaster Global Holdings, Inc. continues to operate pest control services through The ServiceMaster Company under its TERMINIX business unit

throughout the United States and internationally.

15. Defendant The ServiceMaster Company ("ServiceMaster") is or was, at all times relevant to the matters herein, either a privately held and or a publicly held corporation operating executive offices at 860 Ridge Lake Blvd., Memphis, Tennessee and in Downers Grove, Illinois.  At all relevant times, ServiceMaster provided outsourcing of pest control services under the brand name "Terminix" to residential and commercial customers through hundreds of company-owned locations in the United States.

16. The Terminix International Company, L.P., is a Delaware limited partnership, registered to do business in Tennessee, with its executive offices at 860 Ridge Lake Blvd., Memphis, Tennessee.  Defendant Terminix International Company, L.P., has at times relevant to the allegations herein, owned, managed and/or operated Terminix branches throughout the United States.

17. Terminix International, Inc. is a Delaware corporation registered to do business in Tennessee, with its principal office at 860 Ridge Lake Blvd., Memphis, Tennessee. Defendant Terminix International, Inc., has at times relevant to the allegations contained herein, owned, managed and/or operated the Terminix branches throughout the United States.

18. At all relevant times, DEFENDANTS, their employees, agents, successors, and each of them participated in the doing of acts or authorized or ratified the doing of the acts hereinafter alleged to have been done by the named DEFENDANTS.  PLAINTIFFS are informed and believe and thereon allege that DEFENDANTS and each of them are responsible for the damages suffered by PLAINTIFFS and all others similarly-situated.

## FACTUAL ALLEGATIONS

19. Defendant ServiceMaster is a multi-billion dollar privately held corporation with operations throughout the United States, and internationally.  Until on or about July 24, 2007, ServiceMaster was a publicly held corporation listed on the New York Stock Exchange, when ServiceMaster Global Holdings, Inc. and other investors took it private.  In the United States, ServiceMaster provides outsourcing services for residential and commercial

customers in 10.5 million homes and businesses each year and employs approximately 32,000 people. ServiceMaster branded business units include Terminix, TruGreen, Merry Maids, American Home Shield, InStar Services Group, ServiceMaster Clean, Furniture Medic, and AmeriSpec. Through its branded business units, ServiceMaster provides a variety of services, including termite and pest control, lawn care and landscape maintenance, home warranties, disaster response and reconstruction, house cleaning, furniture repair, and home inspection.

20.     ServiceMaster's Terminix unit provides termite and pest control services to residential and commercial customers. One of the largest termite and pest control companies in the world, it services more than 2.6 million homes and businesses against all types of pests in forty-five states and internationally. In the United States, Terminix operates a network of over three-hundred and fifty company-owned branches.

21.     The operational standards imposed by TERMINIX at its various branches, including uniform policies and practices relating to Service Representatives' job duties and their compensation scheme, are substantially similar, if not identical, at each Terminix branch nationally.

22.     TERMINIX's Service Representatives' job duties include inspecting homes and applying appropriate treatments for the eradication or control of pests and termites. Inspecting a home generally takes 25 to 30 minutes, but can take up to an hour if the Service Representative's view of the foundation is obstructed, or other obstacles arise. Service Representatives begin their workday at 7:30 a.m. and – although scheduled to work only until 4 p.m. – were frequently required to work later than 6:30 p.m. to fulfill their mandatory job duties for the benefit of the DEFENDANTS. DEFENDANTS at all times relevant knew or should have known that the mandatory job duties required the Service Representatives to work in excess of 40 hours per week.

23.     Service Representatives carry handheld mobile computers, called "Dolphins." Among other things, Dolphins are used to track Service Representatives' schedules and routes, and to record Service Representatives' starting and stopping times. Service

5

FIRST AMENDED COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT

Representatives log into the Dolphin at the beginning of the work day, log out during breaks, and log out at the end of the day, when the Dolphin is docked to the onboard computer in the Terminix truck, and the data is downloaded and sent to TERMINIX's headquarters. A Service Representative's Dolphin generates "pop-up" messages at break time and lunch time; in response, Service Representatives are required to type in the time they took their breaks and when they went back to work.

24. TERMINIX has not paid the Service Representatives for all hours worked, and in some cases, has falsified Service Representative's time cards to reflect fewer hours than those actually worked.

25. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee… ." 29 U.S.C. § 207(e). Commissions are wages and count as compensable remuneration for purposes of calculating an employee's regular rate. 29 C.F.R. § 778.117. For time periods that TERMINIX did pay overtime compensation to its Service Representatives, it failed to properly calculate the regular rate of pay and corresponding overtime rate of pay.

26. TERMINIX has refused to pay for all time worked and has refused to pay overtime for hours worked over 40 hours per week.

27. Although Service Representatives' schedules included a half hour lunch break, Service Representatives were routinely required to work through lunch to fulfill their mandatory job duties and for the benefit of TERMINIX, and are not paid for that work. When Service Representatives were able to eat, TERMINIX refused to and otherwise failed to relieve the Service Representatives of their job duties. As a regular occurrence, Service Representatives eat while driving to another job. Service Representatives must generally forego their meal breaks to fulfill their mandatory job duties for TERMINIX's benefit.

28. Service Representatives must generally forego their rest breaks to fulfill their mandatory job duties for the benefit of TERMINIX.

29. Despite the fact that the Service Representatives were frequently not

permitted to take rest or lunch breaks, the Dolphins require the Service Representatives to record rest breaks, even if the Service Representatives are not able to take them.  This is so because the "pop-up" message will not disappear, and no other data can be recorded in the Dolphin, until the Service Representative enters the time he took a rest or lunch break.  Thus, in order to carry on with the work schedule, Service Representatives were required to record their rest or lunch breaks, regardless of whether they took the break.

30. TERMINIX failed and refused to indemnify PLAINTIFFS (and all Service Representatives) for their expenses and losses incurred and required in direct consequence of the discharge their duties or at the direction of DEFENDANTS, including but not limited to, expenses and losses associated with paying for the cost of parking meters at customer locations, cellular telephone charges, raingear, shovels, protective wear (such as rubber boots and gloves), office supplies, and batteries.

## COLLECTIVE ACTION ALLEGATIONS

31. PLAINTIFFS MASSARO and YATES bring the First Claim for Relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), on behalf of all persons who were, are, or will be employed by Defendants as Service Representatives throughout the United States, at any time within the Nationwide FLSA Period, who have not been compensated for all hours worked, or  who have not been compensated at one and one-half times the regular rate of pay for all work performed that is in excess of forty (40) hours per work week (hereinafter "Collective Action Plaintiffs").

32. PLAINTIFFS and the Collective Action Plaintiffs are similarly situated in that they have substantially similar job requirements, and are subject to Defendants' common practices, policies, or plans to deny full compensation for all hours worked and refusing to pay overtime in violation of the FLSA.

33. The Claims for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. §216(b), as prospective members of the Collective Action are similarly situated to PLAINTIFFS

and have claims that are similar to PLAINTIFFS' Claims for Relief.

34. The names and addresses of the Collective Action Plaintiffs are available to DEFENDANTS, and notice should be provided to the Nationwide FLSA Collective Plaintiffs via first class mail to the last address known to their employer as soon as possible.

35. Questions of law and fact common to the collective action as a whole include, but are not limited to, the following:

a. Whether DEFENDANTS unlawfully failed and continue to fail to compensate Collective Action Plaintiffs for all hours worked in violation of the FLSA, 29 U.S.C. § 201 *et seq.*;

b. Whether DEFENDANTS failed to properly calculate the regular rate of pay, and corresponding overtime rate of pay to Plaintiffs for time periods Plaintiffs were paid overtime compensation.

c. Whether DEFENDANTS' failure to pay overtime to the Collective Action Plaintiffs was willful within the meaning of the FLSA;

d. Whether DEFENDANTS failed to provide uninterrupted meal breaks;

e. Whether DEFENDANTS failed and continue to fail to maintain accurate records of actual time worked by the Collective Action Plaintiffs; and

f. Whether DEFENDANTS failed and continue to fail to record or report all actual time worked by the Collective Action Plaintiffs.

**FIRST CLAIM FOR RELIEF**
Brought by Plaintiff Smith, individually, and by
Plaintiffs Massaro and Yates, individually, and in representative capacity
(Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*)

36. PLAINTIFFS, on behalf of themselves and the proposed Class, reallege and incorporate by reference the preceding paragraphs as if they were set forth herein.

37. At all relevant times, DEFENDANTS have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed and/or continue to employ "employee[s]," including PLAINTIFFS

and each of the prospective Collective Action Plaintiffs, who have been and/or continue to be engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have had gross operating revenues in excess of $500,000.

38. The FLSA requires DEFENDANTS, as covered employers, to compensate all non-exempt employees for all hours worked, and to compensate all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of forty (40) hours in a work week.

39. Because PLAINTIFFS and all Collective Action Plaintiffs are not paid on a "bonafide" commission plan, they are not exempt employees and are entitled to be paid overtime compensation for all overtime hours worked.

40. PLAINTIFFS and all Collective Action Plaintiffs are entitled to compensation for all hours worked.

41. At all relevant times, DEFENDANTS, pursuant to an illegal policy, plan or decision, failed and refused to compensate PLAINTIFFS and the Collective Action Plaintiffs for work performed during regular "off-the-clock" work.

42. At all relevant times, DEFENDANTS, pursuant to an illegal policy, plan or decision, failed and refused to pay overtime premiums to PLAINTIFFS and the Collective Action Plaintiffs for their hours worked in excess of 40 hours per week by denying overtime pay to hourly employees and by misclassifying employees as exempt from overtime.

43. At all relevant times. DEFENDANTS failed to properly calculate the regular rate of pay and corresponding overtime rate of pay when PLAINTIFFS were paid overtime compensation.

44. At all relevant times, the "off-the-clock" regular work and overtime work performed by DEFENDANTS' employees, including PLAINTIFFS and the Collective Action Plaintiffs, was and continues to be required or permitted by DEFENDANTS, for the benefit of DEFENDANTS, and is directly related to such employees' principal employment with

DEFENDANTS, and is an integral and indispensable part of such employees' employment with DEFENDANTS.

45. DEFENDANTS violated and continue to violate the FLSA, 29 U.S.C. §201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2), by failing to pay the Collective Action Plaintiffs for all hours actually worked and by failing to pay the Collective Action Plaintiffs at least one-and-a-half times their regular rates of pay for all hours worked in excess of forty (40) in a workweek. These violations of the FLSA were knowing and willful within the meaning of 29 U.S.C. §201 *et seq.*

46. As a result of Defendants' violations of law, PLAINTIFFS and the Collective Action Plaintiffs are entitled to recover from DEFENDANTS the amount of their unpaid wages and overtime compensation, an additional equal amount as liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), pre- and post-judgment interest, attorneys' fees, litigation expenses and court costs, pursuant to 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

### SECOND CLAIM FOR RELIEF
Brought by Plaintiff Smith, individually, and by
Plaintiffs Massaro and Yates, individually, and in representative capacity
**(Failure to Provide Bonafide Meal Periods)**

47. Federal law dictates that only bonafide meal periods are not worktime. 29 C.F.R. § 785.19. Where meal periods are offered, the employees must be completely relieved from duty for the purposes of eating regular meals. By failing to completely relieve PLAINTIFFS and Collective Action Plaintiffs from duty during meal periods, DEFENDANTS have violated FLSA and federal regulations. These violations were knowing and willful within the meaning of 29 U.S.C. § 201 *et seq.*

48. As a result of DEFENDANTS' violations of law, PLAINTIFFS and the Collective Action Plaintiffs are entitled to recover from DEFENDANTS the amount of their unpaid wages and overtime compensation, an additional equal amount as liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), pre- and post-judgment interest, attorneys' fees,

litigation expenses and court costs, pursuant to 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

### THIRD CLAIM FOR RELIEF
Brought by Plaintiff Smith, individually, and by
Plaintiffs Massaro and Yates, individually, and in representative capacity
**(Fair Labor Standards Act, 29 U.S.C. § 201 et seq.)**

49. The FLSA also imposes specific employment record-keeping requirements, including the obligation to keep accurate records of all hours worked. By failing to record, report, and/or preserve records of hours worked by PLAINTIFFS and the Collective Action Plaintiffs, DEFENDANTS have failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 et seq., including 29 U.S.C. §§ 211(c) and 215(a)(5). These violations of the FLSA were knowing and willful within the meaning of 29 U.S.C. § 201 *et seq.*

50. Federal law requires that regular wages and overtime wages be paid on the regular payday for the period in which the overtime hours were worked, or as soon as "practicable." 29 C.F.R. § 778.106. By failing to pay PLAINTIFFS and the Collective Action Plaintiffs their regular wages and overtime wages in a timely fashion, DEFENDANTS have violated the FLSA and federal regulations. These violations were knowing and willful within the meaning of 29 U.S.C. § 201 *et seq.*

51. As a result of Defendants' violations of law, PLAINTIFFS and the Collective Action Plaintiffs are entitled to recover from DEFENDANTS the amount of their unpaid wages and overtime compensation, an additional equal amount as liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), pre- and post-judgment interest, attorneys' fees, litigation expenses and court costs, pursuant to 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS on behalf of themselves and all Collective Action Plaintiffs, pray for relief as follows:

A.    Designation of this action as a collective action on behalf of the Collective Action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly-situated members of the FLSA Opt-In Class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations on the claims of all members of the FLSA Opt-In Class from the date the original complaint was filed until the class members are provided with reasonable notice of the pendency of this action and a fair opportunity to exercise their right to opt in as plaintiffs;

B.    Designation of Representative Plaintiffs Dominick Massaro and Troy Yates as representative of the Collective Action Plaintiffs and Plaintiffs' counsel as Counsel for the Collective Action Plaintiffs;

C.    A declaratory judgment that the practices complained of herein are unlawful under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*;

D.    An injunction against DEFENDANTS and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

E.    An award of damages, including unpaid minimum wages and overtime compensation and an additional equal amount as liquidated damages, to be paid by DEFENDANTS;

F.  Costs of action incuirred herein, including reasonable attorneys' fees under, *inter alia*, 29 U.S.C. § 216(b), litigation expenses and court costs;

G.  Pre-Judgment and post-Judgment interest, as provided by law; and

H.  Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

DATE: November 21, 2011

**ANDRUS ANDERSON LLP**

By:  ____*/s/ Lori E. Andrus*_____

Lori E. Andrus (SBN 205816)
Jennie Lee Anderson (SBN 203586)
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone: (415) 896-1400
Facsimile: (415) 896-1474
lori@andrusanderson.com
jennie@andrusanderson.com

J. Burton LeBlanc, IV
BARON & BUDD, P.C.
9015 Bluebonnet Blvd
Baton Rouge, LA 70810-2812
Tel.: (225) 927-5441
Fax: (225) 768-7999
bleblanc@baronbudd.com

Chris Gilreath
GILREATH AND ASSOCIATES
200 Jefferson Avenue, Suite 711
Memphis, Tennessee  38103
Tel.: (901) 527-0511
Fax: (901) 527-0511
chrisgil@sidgilreath.com

Nancy Hersh
Mark Burton
HERSH & HERSH, P.C.
601 Van Ness Avenue, 2080 Opera Plaza
San Francisco, CA 94102
Tel.: (415) 441-5544
Fax: (415) 441-7586
nhersh@hershlaw.com
mburton@hershlaw.com

*Attorneys for Plaintiffs and the Proposed
Collective Action Plaintiffs*

14
FIRST AMENDED COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT

## DEMAND FOR JURY TRIAL

PLAINTIFFS hereby demand on behalf of himself and the Class, a jury trial on all causes of action and claims to which a right to jury trial exists.

DATE: November 21, 2011　　　　　　　　　**ANDRUS ANDERSON LLP**

By:　　*/s/ Lori E. Andrus*____

Lori E. Andrus (SBN 205816)
Jennie Lee Anderson (SBN 203586)
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone: (415) 896-1400
Facsimile: (415) 896-1474
lori@andrusanderson.com
jennie@andrusanderson.com


J. Burton LeBlanc, IV
BARON & BUDD, P.C.
9015 Bluebonnet Blvd
Baton Rouge, LA 70810-2812
Tel.: (225) 927-5441
Fax: (225) 768-7999
bleblanc@baronbudd.com

Chris Gilreath
GILREATH AND ASSOCIATES
200 Jefferson Avenue, Suite 711
Memphis, Tennessee  38103
Tel.: (901) 527-0511
Fax: (901) 527-0511
chrisgil@sidgilreath.com

Nancy Hersh
Mark Burton
HERSH & HERSH, P.C.
601 Van Ness Avenue, 2080 Opera Plaza
San Francisco, CA 94102
Tel.: (415) 441-5544
Fax: (415) 441-7586
nhersh@hershlaw.com
mburton@hershlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been sent via the Court's electronic filing system to

| | |
|---|---|
| Nancy Hersh | Amanda Sommerfeld |
| Mark Burton | Monique Ngo-Bonnici |
| Hersh & Hersh, PC | WINSTON & STRAWN LLP |
| 601 Van Ness Avenue, 2080 Opera Plaza | 333 South Grand Avenue |
| San Francisco, CA 94102 | Los Angeles, CA  90071-1543 |
| nhersh@hershlaw.com | asommerf@winston.com |
| mburton@hershlaw.com | mbonnici@winston.com |
| | |
| Chris Gilreath | Joan B. Tucker Fife |
| Gilreath and Associates | WINSTON & STRAWN LLP |
| One Memphis Place | 101 California Street, Suite 3900 |
| 200 Jefferson Avenue, Suite 711 | San Francisco, California  94111 |
| Memphis, TN 38103 | jfife@winston.com |
| chrisgil@sidgilreath.com | |

on this the 21st day of November 21, 2011 and by United States Mail to

Louis P. Britt III
Ford & Harrison LLP
795 Ridge Lake Boulevard, Suite 300
Memphis, TN  38120
LBritt@fordharrison.com

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By: ____/s/____Lori E. Andrus_____