```
                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| JOHN SMITH, individually; DOMINICK MASSARO, and TROY YATES, on behalf of themselves and a class of those similarly situated, | ) ) ) ) ) ) ) | |
| Plaintiffs. | ) | |
| v. | ) ) | No. 2:11-cv-02943-JPM-dkv |
| SERVICEMASTER HOLDING CORP.; THE SERVICEMASTER COMPANY, INC.; THE TERMINIX INTERNATIONAL COMPANY, L.P.; and TERMINIX INTERNATIONAL, INC., | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER DENYING DEFENDANTS' MOTION TO VACATE ARBITRATION AWARD, AND, IN THE ALTERNATIVE, TO STAY ARBITRATION**

Before the Court is Defendants' Motion to Vacate Arbitration Award, or, alternatively, to stay the arbitration pending the United States Supreme Court's review of <u>Sutter v. Oxford Health Plans LLC</u>, 675 F.3d 215 (3d Cir. 2012), <u>cert. granted</u>, 133 S. Ct. 786 (2012), filed January 28, 2013. (ECF No. 153.) Plaintiffs responded in opposition on February 11, 2013. (ECF No. 155.) Defendants replied in support on February 22, 2013. (ECF No. 158.)

For the following reasons, Defendants' Motion to Vacate Arbitration Award, or, alternatively, to stay the arbitration pending the Supreme Court's review of <u>Sutter</u>, is DENIED.

**I. BACKGROUND**

The instant case arises from Defendants' alleged failure to pay service professionals for all hours worked and overtime earned. (See ECF No. 109 at 1-2.) Plaintiffs worked for Defendants as service representatives. (See id. at 2-3.) The parties executed arbitration agreements that included the following terms:

> 1. **Agreement to Arbitrate All Employment Disputes.** Private arbitration is the referral of a dispute to an impartial third party, instead of a court or jury, for a final and binding decision. Any dispute arising out of Employee's employment and/or termination of employment with Employer will be submitted to binding arbitration in accordance with the then-current National Rules of the Resolution of Employment Disputes of the American Arbitration Association ("AAA"). Employer and Employee each expressly waive entitlement, if any, to have any such dispute heard before a court or jury.
>
> 2. **Arbitrable Claims.** Except as otherwise provided by law, this Agreement applies to any dispute arising out of or related to Employee's employment and/or termination of employment with Employer, including but not limited to, claims for breach of contract, express or implied, claims of discrimination and/or retaliation, claims alleging violation of public policy, whistleblower claims, torts and/or any other claims based upon any federal, state or local ordinance, regulation, statute, constitutional provision and any other non-statutory claims (excluding claims for workers compensation benefits and unemployment insurance benefits).
>
> . . . .
>
> 6. **Arbitrator's Authority.** The arbitration will be conducted in accordance with the then-current National Rules for the Resolution of Employment Disputes of the AAA. The Arbitrator will base the decision on the evidence presented at the hearing and in accordance

> with governing law, including statutory and judicial
> authority. The Arbitrator may award any party
> any remedy to which that party is entitled under
> applicable law, but such remedies will be limited to
> those that would be available to a party in a court
> of law for the claims presented to and decided by
> the Arbitrator. The Arbitrator will issue a written
> decision, which will contain the essential findings
> and conclusions on which the decision is based. The
> Arbitrator's decision will be final and binding upon
> all parties.

(See ECF No. 126-2 at PageID 1418; ECF No. 127-2 at PageID 1491.)[1]

On July 14, 2009, Plaintiff John Smith brought suit in this Court, on behalf of himself and a class of those similarly situated, against Defendants pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 207, 216(b). (ECF No. 1; see also ECF No. 109.) The case was subsequently transferred to the United States District Court for the Middle District of Louisiana on July 1, 2010. (ECF No. 79.)

On October 11, 2011, Plaintiff John Smith filed an unopposed Motion for Leave to Amend the Complaint and to Transfer to the Western District of Tennessee. (ECF No. 101.) On October 19, 2011, Dominick Massaro ("Massaro") and Troy Yates ("Yates") filed notices of consent to join the collective action. (ECF No. 104; ECF No. 105.) On October 26, 2011, the case was transferred back to this Court. (ECF No. 107.) Plaintiffs filed an Amended Complaint on November 21, 2011,

---
[1] When Electronic Case Filings contain multiple documents, the Court will refer to the Page Identification ("PageID") numbers on the top right of the document.

listing Massaro and Yates as Plaintiffs.  (ECF No. 109.)

On January 11, 2012, Defendants moved to compel Plaintiffs Massaro and Yates to arbitrate pursuant to employment agreements entered into while Massaro and Yates were employed by Defendants.  (ECF No. 126; ECF No. 127.)  On February 9, 2012, Plaintiffs Massaro and Yates responded in opposition to Defendants' Motions to Compel.  (ECF No. 129.)  Defendants replied in support of their Motions on February 23, 2012.  (ECF No. 135.)  On March 13, 2012, the Court entered an Order granting Defendants' Motions to Compel.  (ECF No. 142.)

On October 31, 2012, a telephonic arbitration-management conference was held in front of arbitrator Kenneth M. Jackson (the "Arbitrator").  (See ECF No. 153-4 at 1.)  The Arbitrator ordered the parties to submit clause-construction briefs by December 5, 2012.  (Id. at 2.)  The parties submitted their briefs, and, on December 27, 2012, the Arbitrator entered a Clause Construction Award (the "Award") finding that the "arbitration agreement [did] not preclude this arbitration from proceeding on behalf of a class."  (ECF No. 153-2 at 9.)

Defendants filed a Motion on January 28, 2013, asking the Court to vacate the Award pursuant to 9 U.S.C. § 10(a)(4) and to order Plaintiffs to arbitrate their claims on an individual basis.  (ECF No. 153 at 1.)  Defendants argue that the Arbitrator either exceeded his power, or acted in manifest

4

disregard of the law, in entering a partial final award on the class-arbitration issue in favor of Plaintiffs. (See ECF No. 153-1 at 8.) Alternatively, Defendants assert that the Court should stay the arbitration pending the Supreme Court's review of Sutter.² (See ECF No. 153-1 at 24.)

**II. STANDARD OF REVIEW**

"The Federal Arbitration Act [(the "FAA")] expresses a presumption that arbitration awards will be confirmed." Coffee Beanery, Ltd. v. WW, L.L.C., 300 F. App'x 415, 418 (6th Cir. 2008) (quoting Nationwide Mut. Ins. Co. v. Home Ins. Co., 429 F.3d 640, 643 (6th Cir. 2005)) (internal quotation marks omitted). Review of arbitration awards "is very narrow; [it is] one of the narrowest standards of judicial review in all of American jurisprudence." Id. (alteration in original) (quoting Nationwide Mut. Ins., 429 F.3d at 643) (internal quotation marks omitted). A court may vacate an arbitration award only where one of the statutory grounds under 9 U.S.C. § 10(a) is met, or where the arbitrator's decision was in manifest disregard of the law. Id. (citing Wilko v. Swan, 346 U.S. 427, 436 (1953) overruled on other grounds by, Rodriguez De Quuas v. Shearson/Am. Exp., Inc., 450 U.S. 477 (1989)).

**III. LEGAL STANDARD**

Defendants assert that the Arbitrator exceeded his power

---

² The Supreme Court granted certiorari December 7, 2012, and heard oral argument on March 25, 2013.

5

under the FAA, and that the Award was in manifest disregard of the law. (ECF No. 153-1 at 8.) Defendants also argue that, in the alternative, the Court should stay the arbitration pending the Supreme Court's decision in Sutter. (Id. at 24.) The relevant legal standards are addressed in turn.

**A.   Exceeding Power Under the FAA**

Pursuant to the FAA, an arbitration award may be vacated "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). The burden of demonstrating that an arbitrator exceeded his power is great. See Solvay Pharm., Inc. v. Duramed Pharm, Inc., 442 F.3d 471, 476 (6th Cir. 2006). "Serious legal or factual error" is insufficient to vacate an arbitration award. See id. "Arbitrators exceed their power when they act beyond the material terms of the contract from which they primarily draw their authority, or in contravention of controlling principles of law." Elec. Data Sys. Corp. v. Donelson, 473 F.3d 684, 688 (6th Cir. 2007) (quoting Saveski v. Tiseo Architects, Inc., 261 N.W.2d 542, 544 (Mich. Ct. App. 2004)) (internal quotation marks omitted). In other words, so long as "the arbitrator's award draws its essence from the . . . agreement, and is not merely the arbitrator's own brand of industrial justice, the award is legitimate." Solvay Pharm., 442 F.3d at 476 (alteration in

6

original) (quoting Beacon Journal Publ'g. Co. v. Akron Newspaper Guild, Local No. 7, 114 F.3d 596, 599 (6th Cir. 1997)) (internal quotation marks omitted).

**B.   Manifest Disregard of the Law**

An arbitrator's award is in manifest disregard of the law only if it flies "in the face of established legal precedent." Donelson, 473 F.3d at 691 (quoting Dawahare v. Spencer, 210 F.3d 666, 669 (6th Cir. 2000)) (internal quotation marks omitted). To determine whether an award is in manifest disregard of the law, courts must decide "(1) [whether] the applicable legal principle is clearly defined and not subject to reasonable debate[,] and (2) [whether] the arbitrators refused to heed that legal principle." Dawahare, 210 F.3d at 669 (quoting Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jaros, 70 F.3d 418, 421 (6th Cir. 1995)) (internal quotation marks omitted).  In other words, an arbitrator's award may only be set aside "if, after applying clearly established legal precedent, . . . no judge or group of judges could conceivably come to the same determination." Ozormoor v. T-Mobile USA, Inc., 459 F. App'x 502, 505 (6th Cir. 2012) (alteration in original) (quoting Jaros, 70 F.3d at 421) (internal quotation marks omitted).

**C.   Stay Pending a Decision from the Supreme Court**

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own

7

docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)); see Gray v. Bush, 628 F.3d 779, 785 (6th Cir. 2010). District courts, however, "must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." Starlink Logistics, Inc. v. ACC, LCC, No. 1:12-cv-0011, 2013 WL 212641, at *9 (M.D. Tenn. Jan. 17, 2013) (quoting Ohio Envtl. Council v. U.S. Dist. Court, 565 F.2d 393, 396 (6th Cir. 1977)) (internal quotation marks omitted). "Only in rare circumstances will a litigant in one case be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." Patent Compliance Grp., Inc. v. Hunter Fan Co., No. 10-2442, 2010 WL 3503818, at *2 (W.D. Tenn. Sept. 1, 2010) (quoting Landis, 299 U.S. at 255) (internal quotation marks omitted). Accordingly, the moving party has the burden of demonstrating that it will "suffer irreparable injury if the case moves forward, and that the non-moving party will not be injured by a stay." Int'l Bhd. of Elec. Workers, Local Union No. 2020 v. AT&T Network Sys., No. 88-3895, 1989 U.S. App. LEXIS 10266, at *9 (6th Cir. July 17, 1989) (citing Landis, 299 U.S. at 255).

**IV. ANALYSIS**

Defendants argue that the Award allowing Plaintiffs to

8

pursue class arbitration should be vacated because (1) the Arbitrator exceeded his power under the FAA, and (2) the Arbitrator's decision was in manifest disregard of the law. (ECF No. 153-1 at 1.)[3] Alternatively, Defendants ask the Court to stay the arbitration pending the Supreme Court's review of Sutter. (Id. at 24.) These issues are addressed in turn.

### A. Exceeding Power Under the FAA

Defendants argue that, as the arbitration agreement is silent regarding class arbitration, the Arbitrator exceeded his powers by deciding that the Plaintiffs could pursue class certification. (See ECF No. 153-1 at 1.) In support, Defendants assert that the Arbitrator ignored the recent Supreme Court decisions in Stolt-Nielsen S.A. v. Animalfeeds International Corp., 559 U.S. 662 (2010), and AT&T Mobility LLC v. Concepcion, 131 S. Ct. 1740, (id. at 9-15), and that the Arbitrator supplied a contract term based on the false premise that collective arbitration is a non-waivable substantive right under the FLSA (id. at 15-24).

Defendants assert that Stolt-Nielsen requires this Court to vacate the Award because the Arbitrator "force[d] a party into a class arbitration to which it did not agree." (Id. at 9.) Defendants interpret Stolt-Nielsen and Concepcion as creating a

---

[3] Defendants assert that these issues are ripe for review by the Court. (ECF No. 153-1 at 6-7, 7 n.5.) Plaintiffs do not contest Defendants' assertion. (See ECF No. 155.) The Court agrees with Defendants that these issues are ripe for review.

9

prohibition on class arbitration where the contract is silent as to availability of class arbitration. (Id.) Defendants also argue that even if Stolt-Nielsen and Concepcion do not prohibit class arbitration in the absence of express consent, the Arbitrator did not demonstrate the necessary "contractual basis" for the availability of class arbitration in this case. (Id. at 13.) In support of this argument, Defendants cite Reed v. Florida Metropolitan University, Inc., 681 F.3d 630 (5th Cir. 2012). In Reed, the arbitrator issued a clause-construction award finding that the parties had implicitly agreed to class arbitration of the plaintiffs' claim that the defendants had violated provisions of the Texas Education Code. Id. at 632-33. The arbitrator focused on the fact that the arbitration agreement stated that "any dispute" would be arbitrated and that "any remedy" available at law would be available in the arbitration. Id. at 641-42. The Fifth Circuit held that under these circumstances, the arbitrator did not articulate "a contractual or legal basis" for his decision, and thus exceeded his power under the FAA. Id. at 646.[4]

Plaintiffs contend that Defendants' interpretation of Stolt-Nielsen and Concepcion, as prohibiting class arbitration

---

[4] Defendants also cite this Court's decision in Winn v. Tenet Healthcare Corp., No. 2:10-cv-02140-JPM-cgc, 2011 WL 294407 (W.D. Tenn. Jan. 27, 2011) in support of their claim. Regarding class arbitration, the issue in that case arose in a motion to compel arbitration which has a different legal standard than a motion to vacate an arbitration award. Thus, Winn is not relevant to our determination in this case.

where the contract is silent as to class arbitration, is incorrect. (ECF No. 155 at 12-15.) Plaintiffs argue that these cases do not create a bright-line rule. Rather, these cases refer to "particular factual situations" in which silence in a contract as to collective arbitration amounts to a prohibition of collective arbitration. (Id. at 13.) Plaintiffs state that the Arbitrator considered Stolt-Nielsen and other precedent submitted by the parties, including Reed, before finding that there was a contractual and legal basis for class arbitration in the instant case. (Id. at 7-17.)

In the Award, the Arbitrator made the following arguments: (1) Stolt-Nielsen and Concepcion stand for the proposition that each arbitration "agreement with respect to authorizing, declining to authorize, prohibiting, or remaining silent as to class actions must be decided on its own merits in light of the nature of the case, applicable statutes, and regulatory authority" (ECF No. 153-2 at 6); (2) this case is distinguishable from Stolt-Nielsen, Concepcion, and Reed because it concerns "an employment dispute, for which federal public laws permit, or ban the exclusion of, class actions by employees" (id. at 5); (3) this case is distinguishable from Stolt-Nielsen because the parties in Stolt-Nielsen were "sophisticated commercial enterprises" and the arbitration agreement was a negotiated agreement between those parties,

11

unlike the arbitration agreement at issue in this case that was drafted solely by Defendants (id.); (4) the right to proceed collectively under the FLSA is "so intertwined with the substantive rights [created by the FLSA] that to reject the possibility that a class could be certified would be to deny those rights" (id. at 9); (5) "writing a class ban" into an employment agreement "that is silent on the subject would deprive Claimants of a substantive statutory right" in the context of FLSA claims (id. at 5-6); (6) there is no conflict between the FAA and labor laws that would preclude the Arbitrator from following the FLSA's default rule permitting class actions (id. at 5); and (7) Raniere v. Citigroup Inc., 827 F. Supp. 2d 294 (S.D.N.Y. 2011), a case holding that the right to proceed collectively under the FLSA cannot be waived, is more persuasive than Reed because Reed is not an employment case (id. at 7).

In the instant case, given the deferential standard of review, the Court finds that Defendants have not carried their burden in showing that the Arbitrator exceeded his power under the FAA. Even if this Court would not have reached the same result as the Arbitrator, the Court must confirm the Arbitrator's Award so long as it "can find any line of argument that is legally plausible and supports the award." Solvay Pharm., 442 F.3d at 483 (quoting Jaros, 70 F.3d at 421)

12

(internal quotation marks omitted). In the instant case, the Arbitrator's decision provides several plausible legal arguments to support its finding that a legal basis exists for collective arbitration, including the argument that the right to proceed collectively under the FLSA cannot be waived. See Raniere, 827 F. Supp. 2d at 310-14; see also Rame, LLC v. Popovich, 878 F. Supp. 2d 439 (S.D.N.Y. 2012); S. Commc'ns Servs., Inc. v. Thomas, 829 F. Supp. 2d 1324 (N.D. Ga. 2011); Smith & Wollensky Rest. Grp. v. Passow, 831 F. Supp. 2d 390 (D. Mass. 2011). Accordingly, the Court finds that the Arbitrator did not exceed his power under the FAA.

### B. Manifest Disregard of the Law

Defendants argue that the Arbitrator "acted in manifest disregard of the law in ordering the parties to collective arbitration." (ECF No. 153-1 at 15.) Defendants assert the same grounds for vacating the Award on the basis that the Award was in manifest disregard of the law as they do for vacating the Award on the basis that the Arbitrator exceeded his power under the FAA. (See id. at 8-24.)

As previously stated, an arbitration award may only be vacated for manifest disregard of the law if "(1) the applicable legal principle is clearly defined and not subject to reasonable debate[,] and (2) the arbitrators refused to heed that legal principle." Dawahare, 210 F.3d at 669 (quoting Jaros, 70 F.3d

13

at 421) (internal quotation marks omitted).  Because the Court has already determined that the Arbitrator supplied a plausible legal basis for his decision, the applicable legal principle is "subject to reasonable debate."  Accordingly, the Court finds that the Award was not in manifest disregard of the law.

**C.   Stay Pending a Decision from the Supreme Court**

Defendants assert that "this Court should stay the arbitration until the Supreme Court clarifies the standard of review for vacating [arbitration] clause construction awards." (ECF No. 153-1 at 24.)  Defendants state that the Supreme Court granted certiorari in Sutter to resolve the circuit split on this issue.  (Id.)  Plaintiffs assert that there is no circuit split on this issue as the cases cited by Defendant, Reed and Sutter, differ in their application of law to facts but do not differ in their interpretations of Stolt-Nielsen.  (ECF No. 155 at 18-20.)

This Court, however, does not have the authority to stay the arbitration pending the outcome of Sutter.  While the Motion to Vacate is properly before this Court pursuant to 9 U.S.C. § 10(a), the question of whether to stay arbitration is not properly before this Court because this Court only has the discretionary power to stay a case "as an incident to its power to control *its own docket*."  See Clinton, 520 U.S. at 706 (emphasis added); see also Jock v. Sterling Jewelers, Inc., 677

14

F. Supp. 2d 661, 667 & n.2 (S.D.N.Y. 2009) (noting that it is unclear whether a district court has the authority to stay class-action proceedings pending litigation). Because this Court has already compelled arbitration, the determination of whether to stay the arbitration should be made by the Arbitrator pursuant to his powers under the FAA and the arbitration agreement entered into by the parties. See Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 84 (2002) ("Thus procedural questions which grow out of the dispute and bear on its final disposition are presumptively *not* for the judge, but for an arbitrator, to decide." (quoting John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 557 (1964)) (internal quotation marks omitted)); Jock v. Sterling Jewelers, Inc., 738 F. Supp. 2d 445, 450 (S.D.N.Y. 2010) ("[T]he Court sees no reason not to permit the arbitrator to determine in the first instance whether to stay the class arbitration proceeding . . . ."); see also Bendler v. Charter One Bank, 59 A.3d 157, 159 (Vt. 2012) (noting that the arbitrator had granted a stay of the arbitration pending the outcome of Stolt-Nielsen upon motion of the defendant).

Even if this matter were properly before this Court, the Court would not stay the arbitration pending the outcome of Sutter. As previously stated, the decision whether to grant a stay is discretionary, Gray, 628 F.3d at 785, and the moving

15

party bears the burden of demonstrating that they will "suffer irreparable injury if the case moves forward, and that the non-moving party will not be injured by a stay." Int'l Bhd. Of Elec. Workers, 1989 U.S. App. LEXIS 10266, at *9. In the instant case, Defendants have not put forth any facts demonstrating that they will "suffer irreparable injury" if a stay is not granted. Additionally, a stay would result in the unnecessary delay of the arbitration process to the disadvantage of the non-moving party and would not necessarily simplify the issues before the Arbitrator. See Jock, 677 F. Supp. 2d at 667-68 ("Delay is the bane of the American legal system, and this Court is loath to contribute to further delay."). As a result, Defendants would not have met their burden in showing that a stay is warranted.

Therefore, Defendants' request to stay the arbitration is DENIED.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion to Vacate or, alternatively, to stay the arbitration pending the Supreme Court's review of Sutter, is DENIED.

**SO ORDERED** this 21st day of May, 2013.

s/ Jon P. McCalla<br>
JON P. McCALLA<br>
CHIEF U.S. DISTRICT JUDGE