IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JOHN SMITH, on behalf of himself and a class of those similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>SERVICEMASTER HOLDING CORP.; THE SERVICEMASTER COMPANY, INC.; THE TERMINIX INTERNATIONAL COMPANY, L.P.; and TERMINIX INTERNATIONAL, INC.,<br><br>    Defendants. | No. 2:11-cv-02943-JPM-dkv |

**ORDER GRANTING ATTORNEYS' FEES AND COSTS**

Before the Court is the Motion for Award of Attorneys' Fees and Costs by Plaintiffs John Smith, et al. ("Plaintiffs"), filed on October 4, 2013.  (ECF No. 171.)  Defendants Servicemaster Holding Corp., et al. ("Defendants"), filed a Response in Opposition on October 15, 2013.  (ECF No. 175.)  Plaintiffs filed a Reply on October 23, 2013.  (ECF No. 180.)  Defendants filed a Sur-Reply on December 12, 2013.  (ECF No. 187.)

**I.   BACKGROUND**

The instant case was initiated by a Complaint filed on July 14, 2009 alleging that Defendants violated the Fair Labor Standards Act ("FLSA").  (ECF No. 1.)  Plaintiffs obtained a

settlement that satisfied the individual Plaintiffs' unpaid wages and other damages. (See ECF No. 184.) Plaintiffs now seek $516,890.25 in attorneys' fees and $18,908.85 in costs based on Plaintiffs' Counsel's representation of the five different Plaintiffs. (ECF No. 180 at 15.)[1]

**II. ANALYSIS**

"It is long established that an award of attorney fees under [29 U.S.C.] § 216(b) is mandatory but the amount awarded is within the discretion of the district court." United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co., Inc., 732 F.2d 495, 501 (6th Cir. 1984) (quoting Montgomery Ward & Co. v. Antis, 158 F.2d 948, 952 (6th Cir. 1947), cert. denied, 331 U.S. 811 (1947)). "The determination of a reasonable fee must be reached through an evaluation of a myriad of factors, all within the knowledge of the trial court, examined in light of the congressional policy underlying the substantive portions of the statute providing for the award of fees." Id.

This Court applies the lodestar method to calculate an appropriate fee award. "The trial court's initial point of departure, when calculating a 'reasonable' attorney fee, should

---

[1] Plaintiffs originally sought $517,452.75 in attorneys' fees and $18,973.36 in costs, but have since reduced the amount. (Compare ECF No. 171-1 at 25, with ECF No. 180 at 15.)

be the determination of the fee applicant's 'lodestar,' which is the proven number of hours reasonably expended on the case by an attorney, multiplied by his court-ascertained reasonable hourly rate." Adcock-Ladd v. Sec'y of Treasury, 227 F.3d 343, 349 (6th Cir. 2000) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Reed v. Rhodes, 179 F.3d 453, 471 (6th Cir. 1999)). "Generally, a 'strong presumption' favors the prevailing lawyer's entitlement to his lodestar fee." Id. at 350. Accordingly, "modifications [to the lodestar] are proper only in certain 'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings by the lower courts." Adcock-Ladd v. Sec'y of Treasury, 227 F.3d 343, 350 (6th Cir. 2000) (citing Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986)).

The Court finds Plaintiffs' lodestar figure reasonable. Plaintiffs were the "prevailing party" by obtaining a settlement that satisfied the individual Plaintiffs' unpaid wages and other damages. (ECF Nos. 165, 167-68; see Hensley v. Eckerhart, 461 at 433 ("A typical formulation is that plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." (citation and internal quotation marks omitted)).

Defendants argue that Plaintiffs seek excessive rates for associates and law clerks. (ECF No. 175 at 17-18.) Plaintiffs' Counsel, based in San Francisco, California, litigated the case against Defendants, national corporations. The Court finds the hourly rates requested by Plaintiffs' counsel to be reasonable, particularly considering the rate discounts Plaintiffs' Counsel provided in its lodestar figure. (See Decl. of Brian T. Fitzpatrick, ECF No. 171-28; see also ECF No. 180 at 5.) Taking into account the contentious nature of this case, the Court does not find Plaintiffs' Counsel's number of hours expended to be excessive. The Court also finds the expenses requested by Plaintiffs' Counsel to be reasonable.

Defendants also argue that the attorneys' fees sought are "grossly disproportionate to the total recovery." (ECF No. 175 at 4.) Plaintiffs' recovery amounted to $82,341.52 (see ECF No. 184), and Plaintiffs seek a total of $535,799.10 in attorneys' fees and costs (ECF No. 180 at 15). As this Court has found in Macklin v. Delta Metals Co., Inc., a relatively small recovery does not preclude awarding higher attorneys' fees. See No. 2:08-cv-02677-JPM-cgc, ECF No. 58 at 4-5 (W.D. Tenn. Jul. 6, 2011) (citing Holyfield v. F.P. Quinn & Col., No. 90-C-507, 1991 WL 65928, at *1 (N.D. Ill. Apr. 22, 1991) (noting that "[g]iven the nature of claims under the FLSA, it is not uncommon that

4

attorney's fee requests will exceed the amount of the judgment in the case.")).  The Court finds that in the instant case, Plaintiffs' attorneys' fees, though greater than the Plaintiffs' recovery, are reasonable in light of the nature of FLSA claims.

**III. CONCLUSION**

For the above reasons, Plaintiffs' Motion for Award of Attorneys' Fees and Costs (ECF No. 171) is GRANTED.  The Court awards Plaintiffs $516,890.25 in attorneys' fees and $18,908.85 in costs.

**IT IS SO ORDERED,** this 19th day of March, 2014.

/s/ Jon P. McCalla_____
JON P. McCALLA
U.S. DISTRICT COURT JUDGE